UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| William Schmidt,<br><br>    Petitioner,<br><br> v.<br><br>Jeffrey A Uttecht,<br><br>    Respondent. | CASE NO. 3:19-cv-05629-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 25, 2019 |

  The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner William Schmidt filed his federal habeas Petition on July 7, 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkts. 1, 4. The Court concludes Petitioner failed to properly exhaust his state court remedies as to all grounds raised in the Petition; however, a state remedy remains available to Petitioner. Therefore, the Court recommends the Petition be dismissed without prejudice.

**BACKGROUND**

  Petitioner is in custody under a state court judgment and sentence imposed for his conviction by jury verdict for several counts of first degree child molestation. Dkt. 8, Exhibit 1. Petitioner was sentenced on January 26, 2018. *Id.* Petitioner appealed his judgment and sentence

REPORT AND RECOMMENDATION - 1

in state court. *Id.*; Dkt. 1. The Washington Court of Appeals affirmed the judgment and sentence. Dkt. 8, Exhibit 5. Petitioner sought review by the Washington Supreme Court. Dkt. 8, Exhibit 6. The petitioner for review remains pending before the Washington Supreme Court. Dkt. 8, Exhibit 6.  Petitioner filed this Petition on July 7, 2019. Dkt. 1.

Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 4. On August 22, 2019, Respondent filed an Answer, wherein he asserts Petitioner has not properly exhausted his available state court remedies. Dkt. 7. Respondent maintains the Petition should be denied without prejudice for failure to exhaust state remedies. Dkt. 7.  Petitioner filed a Traverse. Dkt. 9.

## DISCUSSION

### I.     Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, Petitioner challenges his 2018 judgment and sentence and is still pursuing his direct appeal in state court. Dkts. 4, 8. As Petitioner's direct appeal is still pending, the state courts have

not had a full opportunity to resolve any constitutional issues.[1] The Court also notes the state court may resolve Petitioner's direct appeal in his favor, which could moot this Petition. Moreover, because Petitioner's direct appeal is still pending, the time for filing a state court collateral challenge has not expired. *See* RCW § 10.73.090. Therefore, the Court finds Petitioner has not exhausted the state court remedies available to him.[2]

Petitioner argues it is not appropriate for him to exhaust his state remedies because the State of Washington does not have jurisdictional authority to decide on federal constitutional matters. *See* Dkt. 4 at 7, 8, 10, 11. The Court may consider an unexhausted federal habeas petition if it appears "there is an absence of available State corrective process . . . or circumstances exist which render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, Petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective. Rather, Petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional authority. Accordingly, the Court finds Petitioner has not shown there are no state court remedies available to him.

Because the state courts have not yet had a full and fair opportunity to consider the merits of Petitioner's claims, the claims are unexhausted and therefore ineligible for federal habeas review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of

---

[1] Respondent acknowledges the Petition is not a mixed petition, and argues Petitioner failed to exhaust *all* his claims. Dkt. 7 at 4.

[2] Respondent does address whether federal intervention with Petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate if (1) the proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994); *Trammell v. Warden*, 2009 WL 2407665 (C.D. Cal. July 31, 2009) (finding abstention was required when a petitioner's direct appeal was still pending). Thus, the Court declines to make a determination on the *Younger* abstention issue at this time.

state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the 'same claims' that are 'fairly' presented to the highest state court."). Accordingly, the undersigned recommends the Petition be dismissed without prejudice. *See Watson v. Lampert*, 27 Fed. Appx. 824 (9th Cir. 2001) (affirming the district court's decision to dismiss the petition without prejudice for failure to exhaust when the petitioner's direct appeal was pending at the time he filed his § 2254 petition).

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right."

1  28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason

2  could disagree with the district court's resolution of his constitutional claims or that jurists could

3  conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

4  *El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

5  No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or

6  would conclude the issues presented in the Petition should proceed further. Therefore, the Court

7  concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

**CONCLUSION**

9  The Court recommends the Petition be dismissed without prejudice. No evidentiary

10 hearing is necessary, and a certificate of appealability should be denied.

11 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

12 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

13 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

14 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

15 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

16 October 25, 2019 as noted in the caption.

17 Dated this 2nd day of October, 2019.

David W. Christel
United States Magistrate Judge