# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

WILLIAM SCHMIDT,

        Petitioner,

v.

JEFFREY A. UTTECHT,

        Respondent.

CASE NO. C19-5629 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 10, Petitioner's objections to the R&R, Dkt. 11, and Petitioner's motion to initiate supplemental jurisdiction, Dkt. 12.

On July 7, 2019, Petitioner filed a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. Petitioner raises four grounds for relief in his proposed petition, all of which are premised on the allegation that his confinement is unlawful because he was charged by information, rather than by indictment. *Id.*; *see also* Dkt. 4 (petition for writ of habeas corpus). Petitioner further alleges that Washington State does not have jurisdiction to determine federal constitutional matters. Dkts. 1, 4. On

August 22, 2019, Respondent answered. Dkt. 7. On August 28, 2019, Petitioner filed a traverse. Dkt. 9.

On October 2, 2019, Judge Christel issued the R&R. Dkt. 10. In relevant part, the R&R recommends that Petitioner's petition be dismissed without prejudice for failure to exhaust state remedies because Petitioner's appeal of his judgment and conviction is pending in the Washington courts. *Id.* On October 15, 2019, Petitioner filed objections to the R&R. Dkt. 11.[1] Also on October 15, 2019, Petitioner filed a motion to initiate supplemental jurisdiction. Dkt. 12.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

First, Petitioner objects to the exhaustion requirement asserting that "[e]ven though exhaustion of state remedies makes sense in some cases, this case should be an exception to this doctrine." Dkt. 11 at 1. The Court may consider an unexhausted federal habeas petition if there is an absence of state correctional process or where state corrective process would be rendered ineffective. 28 U.S.C. § 2254(b)(1)(B). Petitioner, however, fails to meet this standard. Instead, he simply restates his assertion that Washington State has abridged his rights under the Fifth Amendment and concludes that

---

[1] The Court notes that Petitioner's objections are identical to the objections filed by the petitioner in *Feola v. Uttecht*, No. 19-CV-5647BHS, Dkt. 18.

this alleged violation would make exhaustion futile. Dkt. 11 at 2. Therefore, Petitioner's objection to dismissal based on his failure to exhaust state judicial remedies is denied.

Second, Petitioner objects to the R&R's conclusion denying him an evidentiary hearing. *Id.* at 3–4. Yet Petitioner fails to persuade the Court that an evidentiary hearing is needed to resolve his petition. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Therefore, the objection is denied.

Last, Petitioner objects to the R&R's conclusion denying him a certificate of appealability. Dkt. 11 at 4. Petitioner argues that the framers intended "full incorporation" of the Bill of Rights, and therefore, that he has made a substantial showing of a denial of his asserted Fifth Amendment right to indictment by grand jury (as a state prisoner). *Id.* Because reasonable jurists could not disagree with the R&R's resolution of Petitioner's claims, this Court agrees that Petitioner is not entitled to a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Accordingly, Petitioner's final objection is denied.

Therefore, the Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Petitioner's federal habeas petition, Dkt. 4, is **DISMISSED without prejudice**;

(3) A Certificate of Appealability is **DENIED**;

(4) Petitioner's motion to initiate supplemental jurisdiction, Dkt. 12, is **DENIED as moot**; and

(5) The Clerk shall enter **JUDGMENT** and close the case.

Dated this 3rd day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge