1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM SCHMIDT,

                    Petitioner,

        v.

JEFFREY A. UTTECHT,

                    Respondent.

CASE NO. C19-5629 BHS

ORDER DENYING PETITIONER'S
MOTION FOR LEAVE TO
PROCEED *IN FORMA PAUPERIS*
ON APPEAL

This matter comes before the Court on Petitioner William Schmidt's ("Petitioner")

motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 15. The Court has considered

the motion and the remainder of the file and hereby denies the motion for the reasons

stated herein.

On July 7, 2019, Petitioner filed a proposed petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. Dkt. 1. Petitioner raised four grounds for relief in his

proposed petition, all of which were premised on the allegation that his confinement is

unlawful because he was charged by information rather than by indictment issued by a

grand jury. *Id.*; *see also* Dkt. 4 (petition for writ of habeas corpus). Petitioner further

alleged that Washington State does not have jurisdiction to determine federal constitutional matters. Dkts. 1, 4.

On January 3, 2020, over Petitioner's objection, the Court adopted in full a Report and Recommendation issued by Magistrate Judge David Christel dismissing Petitioner's habeas petition without prejudice and denying him a certificate of appealability. Dkt. 13. The Court entered judgment the same day. Dkt. 14.

On January 28, 2020, Petitioner appealed the order on report and recommendation and the judgment to the Ninth Circuit. Dkt. 16. Also on January 28, 2020, Petitioner filed a motion for leave to proceed IFP on appeal. Dkt. 15. The Circuit forwarded Petitioner's IFP motion to this Court for consideration. *See* Federal Rule of Appellate Procedure 24(a)(1). This Order follows.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). An indigent litigant may not proceed IFP on appeal if the district court certifies in writing that the appeal is not taken in good faith. *Id.* § 1915(a)(3). The court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

The Court declines to exercise its discretion to grant Petitioner IFP status on appeal. In this case, dismissal of Petitioner's habeas petition without prejudice was justified by a plain procedural bar—his failure to exhaust state judicial remedies. Dkt. 13. No reasonable jurist would find that ruling debatable. Even so, neither is Petitioner's case meritorious. Since 1886, the Supreme Court has affirmed that a state prosecutor does not

violate the Due Process Clause of the Fourteenth Amendment by bringing charges against a state defendant via criminal information rather than by indictment issued by a grand jury. *Hurtado v. People of State of Cal.*, 110 U.S. 516 (1886). The Court therefore concludes that any appeal of the dismissal of Petitioner's petition would not be taken in good faith as contemplated by 28 U.S.C. § 1915(a)(3). Accordingly, Petitioner's motion for leave to proceed IFP on appeal, Dkt. 15, is **DENIED.**

Petitioner must either pay the required filing fee on appeal or file a motion for leave to proceed IFP in the Circuit. Fed. R. App. P. 24(a)(5). The Clerk of Court shall promptly notify the Circuit concerning the denial of Petitioner's motion to proceed IFP on appeal. Fed. R. App. P. 24(a)(4).

**IT IS SO ORDERED.**

Dated this 12th day of February, 2020.

BENJAMIN H. SETTLE
United States District Judge